UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOHN I. CARRIZALES, )
 )
    Plaintiff, )
 )
v. ) No. 1:13-00001
 ) Senior Judge Haynes
DR. TOM MOORE, et al., )
 )
    Defendants. )

**MEMORANDUM**

Plaintiff, John I. Carrizales, an inmate at the Maury County Jail in Columbia, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Defendant, Dr. Tom Moore, in his official and individual capacities.[1] Plaintiff asserts an Eighth Amendment claim that he was deprived or delayed dental treatment that resulted in physical pain and mental distress. Plaintiff alleges that he received "spiritless care" while incarcerated in Maury County Jail and developed a painful abscess in his lower left wisdom tooth while waiting to see the oral surgeon to whom Dr. Moore referred him. Plaintiff further alleges that he developed canker sores after Dr. Moore gave him a temporary filling, and that the filling lasted only a month. (Docket Entry No. 1 at 5).

Before the Court is Defendant's motion for summary judgment (Docket Entry Nos. 64 and 67), contending that Plaintiff's proof cannot establish that he was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff did not file a response.

---

[1] Plaintiff's claims against Defendants Nurse Floyd Sealy and Lieutenant Debra Wagonschultz were dismissed following a frivolity hearing on February 4, 2013. (Docket Entry No. 34). Plaintiff Kelcione Anderson's claims against Dr. Moore and Lt. Wagonschultz were also dismissed following the February 4, 2013 frivolity hearing. On July 2, 2013, Anderson's remaining claims against Nurse Sealy were dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 18).

For the reasons set forth below, the Court concludes that based upon the undisputed facts Plaintiff fails to prove that Defendant acted with deliberate indifference to serious medical needs and therefore Defendant's motion for summary judgment should be granted.

### A. Findings of Fact[2]

Dr. Thomas Moore is a dentist who has an informal agreement with Maury County Jail to see approximately four prisoners from the Jail for dental treatment every Thursday morning. (Docket Entry No. 66, Defendant's Statement of Undisputed Material Facts, at ¶¶ 2, 4). Dr. Moore is not a Jail employee, does not have a contract with the Jail and does not decide which prisoners he sees. Id. at ¶¶ 3, 5. Prisoners seeking dental treatment sign up at the Jail, and Jail officials determine which prisoners are brought to Dr. Moore's office. Id. at ¶ 6-7. When prisoners require further treatment, Dr. Moore makes recommendations and referrals to Jail officials. Id. at ¶ 8. Jail officials and prisoners are responsible for ensuring that Dr. Moore's recommendations and referrals are performed. Id. at ¶ 9.

During an October 2011 dental visit, Dr. Moore put a temporary filling in Plaintiff's tooth number seventeen and debrided Plaintiff's teeth of excess calculus. Id. at ¶¶ 10-11. Dr. Moore put in the temporary filling to prevent food from becoming trapped in Plaintiff's tooth. Id. at ¶ 12. According to Dr. Moore, if Plaintiff wanted to keep tooth number seventeen Plaintiff likely needed a root canal, but a root canal is not one of the dental services that the jail provides. Id. at ¶¶ 12, 14. Nor does Dr. Moore perform root canals. Id. at ¶ 15. During this visit, Plaintiff

---

[2]Defendant filed contemporaneously with his motion for summary judgment a statement of undisputed material facts (Docket Entry No. 66), in accordance with Local Rule 56.01(b). Plaintiff has not filed a response to Defendant's statement of undisputed facts. Accordingly, Defendant's proffered statements of fact are undisputed for purposes of summary judgment. Local Rule 56.01(g).

informed Dr. Moore that he was being transferred to the state penitentiary. Id. at ¶ 13.

On December 18, 2012, Plaintiff visited Dr. Moore and complained of aphthous ulcers[3] on the right side of his mouth. Id. at ¶¶ 16-17. Dr. Moore determined that tooth number seventeen needed to be removed. Id. at ¶ 17. On December 19, 2012, Dr. Moore called Floyd Sealy at Maury County Jail to refer Plaintiff to an oral surgeon for the extraction of tooth number seventeen. Id. at ¶ 18.

On December 27, 2012, Dr. Moore received a letter from Plaintiff requesting that he forward Plaintiff his dental records, and Dr. Moore did so on January 3, 2012. Id. at ¶¶ 19-20. Dr. Moore has not seen Plaintiff since the December 2012 visit. Id. at ¶ 21.

### B. Conclusions of Law

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). The opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Prisoners have a right to medical care under the Eighth Amendment. The Supreme Court provided the following standard to determine whether this right has been violated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access

---

[3]Aphthous ulcers are also referred to as canker sores. 1 J.E. SCHMIDT, ATTORNEY'S DICTIONARY OF MEDICINE A-479 (1999).

3

> to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (citation and footnotes omitted).

"The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." McCarthy v. Place, 313 F. App'x 810, 813 (6th Cir. 2008) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). The objective requirement is satisfied where a plaintiff proves that the risk of harm is objectively serious enough. Farmer, 511 U.S. at 833-34. The subjective component requires a plaintiff to prove a "sufficiently culpable state of mind," and can be satisfied by showing deliberate indifference to a serious medical need. McCarthy, 313 F. App'x at 813-14 (quoting Blackmore v. Kalamazoo Cnty., 390 F. 3d 890, 895 (6th Cir. 2004)).

Deliberate indifference is the disregard of a known risk of serious harm. Id. at 814 (citing Farmer, 511 U.S. at 837). In the context of medical treatment, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." Graham ex rel. Estate of Graham v. Cnty. of Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Yet even where a defendant has administered some medical treatment, deliberate indifference may be established where a plaintiff can show "grossly inadequate care" or prove that a defendant made a "decision to take an easier but less efficacious course of treatment." McCarthy, 313 Fed. App'x at 815 (citing Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843 (6th Cir. 2002)).

Here, Plaintiff's only proof is his allegations alleged in his verified complaint. The Court

4

must consider any specific facts in Plaintiff's verified complaint. See Williams v. Browman, 981 F.2d 901, 905 (6th Cir. 1992). Yet, Plaintiff provides no specific allegations about inadequate treatment from Dr. Moore except that the temporary filling Dr. Moore gave him "only lasted a month." (Docket Entry No. 1).

The undisputed facts show that Dr. Moore gave Plaintiff a temporary filling and debrided his teeth of excess calculus in October 2011, and referred Plaintiff to an oral surgeon for removal of tooth number seventeen in December 2012. The undisputed facts further show that Dr. Moore was not responsible for scheduling prisoners for treatment at his office or for ensuring that any referrals for further dental treatment were performed. Thus, even if the temporary filling lasted only a month, the Court concludes that Plaintiff has failed to show that Dr. Moore had the sufficiently culpable state of mind of deliberate indifference to a serious medical need.

Accordingly, for these reasons, the Court concludes that Defendant's motion for summary judgment (Docket Entry Nos. 64 and 67) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the __19th__ day of October, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge